## Goodier v. Southeast National Bank

*Stephen H. Gold,* for plaintiffs.
*Stephen H. Palmer,* for defendant.
*Edward F. Muller, Jr.,* for additional defendant.

deFURIA, *J.,* February 10, 1975—This action in assumpsit was brought to recover $1500. which defendant-bank paid on a check drawn by plaintiff to the order of the Borough of Rutledge, after plaintiff allegedly issued a verbal stop payment order against the check.

Defendant's answer avers the oral stop payment order was for a different check in a different amount and, therefore, there was no duty to stop payment.

A defendant's complaint to join an additional defendant was thereafter filed, which alleged the $1500. check was given in payment for a jeep automobile plaintiffs purchased from additional defendant. The jeep was sold by additional defendant to plaintiff with warranties of fitness and merchantability but the jeep was inoperable. Therefore, defendant claims that plaintiffs' loss was due solely to the breach of warranty. Defendant's complaint further refers to a separate action brought by plaintiffs against additional defendant in this county to no. 5026 of 1974.

Plaintiffs and additional defendant have filed preliminary objections to defendant's complaint on the ground of improper joinder of causes of action.

The procedure to join additional defendants is governed by Pa. R.C.P. 2252(a):

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

The position of the bank is protected with a right of subrogation under the Act of April 6, 1953, P.L. 3, as amended, 12A PS §4-407.

The cause of action asserted in defendant's complaint against additional defendant is a different cause of action from that pleaded in plaintiffs' complaint. Plaintiffs allege a loss because a stop payment on defendant-bank was not honored. Additional defendant now goes to the warranty in the sale of the vehicle, which has nothing to do with the stop order.

But the attempt to join the Borough of Rutledge as an additional defendant does arise from the same transaction. However, plaintiffs have sued the borough in a separate suit on the warranty theory, and the permission to join the borough in the present suit would not only involve two different theories of liability and nonliability, but also would be a duplication, in part, of the separate suit.

Therefore, we shall not permit the joinder, but shall accomplish the same purpose, and avoid multiplicity of trials, by ordering a consolidation of this suit with suit no. 5026 of 1974, under authority of Pa. R.C.P. 213(a).

698

## ORDER

And now, February 10, 1975, it is hereby ordered:

1. The preliminary objections filed by plaintiffs and additional defendant to defendant's complaint are sustained and said complaint of Southeast National Bank of Pennsylvania against the Borough of Rutledge is dismissed;

2. The within action and the action of Robert and Mary Goodier v. Borough of Rutledge, no. 5026 of 1974, in the Court of Common Pleas of Delaware County, Pennsylvania, are hereby consolidated for trial.